IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROBERT L. SOLTAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3216 |
| | ) | |
| TIMOTHY MARTIN, ROBERT | ) | |
| MILLETTE and BRIAN PIERSMA, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Timothy Martin, Robert Millette and Brian Piersma's (Defendants) Rule 12(c) Motion for Judgment on the Pleadings (d/e 14). Plaintiff Robert Soltau (Soltau) was previously employed by the Illinois Department of Transportation (IDOT) as a Technical Manager V, a position he had held since on or about December 1, 1998. <u>Amended Complaint (d/e 12)</u>, p. 2. On September 24, 2004, Soltau filed a two-count Complaint (d/e 1) against Defendants, IDOT employees, in their individual and official capacities. The Complaint alleged that Soltau's employment with IDOT was terminated on May 24,

1

2004, in violation of his First Amendment right to political affiliation (Count I) and his Fourteenth Amendment right to due process (Count II). Defendants filed an Answer (d/e 3) and Rule 12(c) Motion for Judgment on the Pleadings (d/e 4). This Court subsequently entered its Order ruling that Defendants were entitled to judgment on Count I, but granting Soltau leave to amend his Complaint as to Count II. <u>Order, March 29, 2005 (d/e 10)</u>.

In the Amended Complaint, Soltau asserts:

1. "The Illinois Department of Transportation Personnel Policy Manual (Manual), including each and every provision thereof, is valid and enforceable in all respects and, in fact, the Illinois Department of Transportation and employees thereof have at all times up to and including the present been required to follow each and every provision." <u>Amended Complaint</u>, p. 3.

2. Defendants terminated Soltau without cause.

3. The Manual requires termination to be only with cause.

The basis of this due process claim is that Soltau has enforceable property rights derived from the Manual. Soltau seeks damages, and injunctive relief requiring Defendants to restore him to his former position at IDOT. For the reasons set forth below, Defendants are entitled to judgment on Soltau's

2

claim.

## BACKGROUND

Federal Rule of Civil Procedure 12(c) permits a court to enter judgment based on the pleadings alone. Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions. <u>R.J. Corman Derailment Servs. LLC v. Int'l Union of Operating Eng'rs, Local Union 150, AFL-CIO</u>, 335 F.3d 643, 647 (7th Cir. 2003). For the purposes of this motion, the Court must accept as true the well-pleaded factual allegations of the Amended Complaint and draw all inferences in the light most favorable to Soltau. The Court is not obligated to give any weight to unsupported conclusions of law. <u>R.J.R. Services, Inc. v. Aetna Cas. and Sur. Co.</u> 895 F.2d 279, 281 (7th Cir. 1989). Judgment on the pleadings should not be entered unless it appears beyond doubt that Soltau can prove no set of facts that would entitle him to relief. <u>Doherty v. City of Chicago</u>, 75 F.3d 318, 322 (7th Cir. 1996). For the purposes of this motion, the Court must assume that Soltau was terminated without cause.

In analyzing the motion, the Court may consider all pleadings, including the Amended Complaint, Answer to Amended Complaint (d/e 13), and attached exhibits. <u>Fed. R. Civ. P.</u> 12(c); <u>Northern Indiana Gun &</u>

Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998).  The Amended Complaint explicitly refers to the IDOT Personnel Policy Manual, and this Manual is attached to the Answer to Amended Complaint as Exhibit A.  The Court may consider the Manual in ruling on the motion because both the Amended Complaint and the Answer to Amended Complaint specifically refer to it, and because it is central to Soltau's due process claim.  188 LLC v. Trinity Industries, Inc., 300 F.3d 730, 735 (7th Cir. 2002); Berry v. Illinois Dept. of Transp., 333 F.Supp.2d 751, 753-54 (C.D. Ill. 2004).

## ANALYSIS

To prevail on his due process claim, Soltau must demonstrate: (1) that he had a constitutionally protected property interest in his continued employment; and (2) that Defendants denied him that property interest without due process.  Strasburger v. Board of Educ., Hardin County Community Unit School Dist. No. 1, 143 F.3d 351, 358 (7th Cir. 1998). In the present case, Soltau fails to satisfy the first prong of this requirement.

To be protected by the Constitution's due process clause, a property interest in employment must arise from a source independent of the Constitution, such as state law or a contract.  Crim v. Board of Educ. of

4

Cairo School Dist. No. 1, 147 F.3d 535, 545 (7th Cir. 1998). Soltau does not assert that his property interest arises from a collective bargaining agreement, civil service protection, or any other statutory provision, including the Illinois Department of Central Management Services' Personnel Code. He instead claims that the Manual creates a binding employment contract between Defendants and him and that this contract is the basis for a protected property interest. When a property interest in employment is at issue, the sufficiency of the claim of entitlement must be decided by reference to state law. Bishop v. Wood, 426 U.S. 341, 344-45 (1976). In Illinois, the question of whether a contract exists is one of law for a judge to decide. Boulay v. Impell Corp., 939 F.2d 480, 482 (7th Cir. 1991). The Court finds, from a review of the Manual, that it could not have formed the basis of a property interest because it did not create a contract under Illinois law. Furthermore, even if the Manual did create a contract, in its current version it would not prohibit IDOT from terminating Soltau without cause.

Under Illinois law, an employment relationship without a fixed duration is presumed to be terminable at will for any reason or no reason at all, absent a violation of clearly mandated public policy. Duldulao v. St.

5

Mary of Nazareth Hospital Center, 115 Ill.2d 482 (Ill. 1987); Kelsay v. Motorola, Inc., 74 Ill.2d 172 (Ill. 1978); Hogge v. Champion Laboratories, Inc., 190 Ill.App.3d 620, 628 (Ill. App. Ct. 1989).  This presumption can be overcome by demonstrating that the parties contracted otherwise. Duldulao, 115 Ill.2d at 489.  In Duldulao, the Illinois Supreme Court held that under Illinois common law "an employee handbook or other policy statement creates enforceable contractual rights if the traditional requirements for contract formation are present."  Id. at 490.

> First, the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made.  Second, the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer.  Third, the employee must accept the offer by commencing or continuing to work after learning of the policy statement.  When these conditions are present, then the employee's continued work constitutes consideration for the promises contained in the statement, and under traditional principles a valid contract is formed.

Id.  "If any one of these elements is absent, no express contract has been formed, and the relationship is merely one of 'employment-at-will.'"  Doe v. First Nat'l Bank of Chicago, 865 F.2d 864, 872 (7th Cir. 1989) (citing Duldulao, 115 Ill.2d at 489).

Defendants argue that the Manual does not create a contract because

6

it includes a clear, express disclaimer. An employee handbook that unambiguously disclaims an intention to bind the parties in a contractual relationship will tend to demonstrate that there was no "promise clear enough that an employee would reasonably believe that an offer has been made." Id. at 873. Several courts applying Illinois law since Duldulao have found such express disclaimers in employee policy manuals preclude a finding that a contract was formed because the first Duldulao criterion was not met. See, e.g., Garcia v. Kankakee County Housing Authority, 279 F.3d 532 (7th Cir. 2002); Border v. City of Crystal Lake, 75 F.3d 270 (7th Cir. 1996); Belline v. K-Mart Corp., 940 F.2d 184 (7th Cir. 1991); Doe, 865 F.2d at 864; Finnane v. Pentel of America, Ltd., 43 F.Supp.2d 891, 899 (N.D. Ill. 1999); Montgomery v. Ass'n of American R.R., 741 F.Supp. 1313, 1315 (N.D. Ill.1990); Hanna v. Marshall Field & Co., 279 Ill.App.3d 784, 790 (Ill. App. Ct. 1996); Robinson v. Christopher Greater Area Rural Health Planning Corp., 207 Ill.App.3d 1030 (Ill. App. Ct. 1991); Bennett v. Evanston Hosp., 184 Ill.App.3d 1030 (Ill. App. Ct. 1989); Moore v. Illinois Bell Telephone Co., 155 Ill.App.3d 781 (Ill. App. Ct. 1987).

In the present case, the FOREWORD of the IDOT Personnel Policies Manual contains the following language:

>This manual is provided to better acquaint you with the personnel policies of the Illinois Department of Transportation and does not constitute a contract of employment in whole or in part. The Department reserves the right to add, amend or delete any benefit or policy stated herein at any time, except as otherwise committed to by collective bargaining agreements and the department of Central Management Services' Personnel Rules.

Manual at iv. As recognized in Berry, this language constitutes a disclaimer of contract formation. Berry, 333 F.Supp.2d at 756. Such language would prevent a reasonable person from believing that the articles of an employee policy manual are contractually binding. This failure of the first Duldulao condition therefore negates the implication that the IDOT Manual created any kind of enforceable employment contract.

Disclaimers have been found ineffective when they were either inconspicuous or followed by "unequivocal" mandatory language of employee rights and responsibilities. See Wheeler v. Phoenix Co. of Chicago, 276 Ill.App.3d 156 (Ill. App. Ct. 1995); Hicks v. Methodist Medical Ctr., 229 Ill.App.3d 610 (Ill. App. Ct. 1992); Long v. Tazewell/Pekin Consol. Communication Ctr., 215 Ill.App.3d 134 (Ill. App. Ct. 1991); Perman v. ArcVentures, Inc., 196 Ill.App.3d 758 (Ill. App. Ct.

8

1990)[1]. In the present case, Soltau contends that the disclamatory language is insufficient to create a proper disclaimer because it is ambiguous and inconspicuous, and because the Manual is "replete with references to mandatory language." Plaintiff's Response to Defendant's Rule 12(c) Motion for Judgment on the Pleadings (d/e 18), p. 4. The Court disagrees.

The disclaimer in the Manual is both unambiguous and conspicuous. The Court has previously determined that this language is unambiguously disclamatory. Berry, 333 F.Supp.2d at 755. The disclaimer is also conspicuous, as it is located in the first sentence of the FOREWORD, on the first page of text following the table of contents and immediately before the "Mission Statement" and "Guiding Principles". The disclaimer is thus the first sentence of substantive text in the entire Manual.

Soltau cites Applegate v. Illinois Dept. of Transp. to support his

---

[1]Examples of language that Illinois courts have found sufficiently mandatory or unequivocal to negate disclaimers include:
> This section provides that for rule violations, the Medical Center may employ any of the following disciplinary actions: verbal warning, written reprimand, suspension, or discharge. The manual provides that "such discharges must be approved in advance by the director of employee relations, or designee, and are subject to employee appeal through established grievance procedures."(emphasis added).

Perman, 196 Ill.App.3d at 762.
> ...a form of discipline must be established and enforced. The following shall be established procedures for disciplinary problems... (emphasis added).

Long, 215 Ill.App.3d at 138.

argument that the disciplinary provisions of the Manual created a property interest because of mandatory provisions subsequent to the disclaimer. Applegate, 335 Ill.App.3d 1056 (Ill. App. Ct. 2002). The claim made here is similar to the one pressed, and rejected, in Berry. 333 F.Supp.2d at 757. The Applegate decision concerns judicial review of an administrative decision made pursuant to the Manual's disciplinary procedures. Applegate was terminated from IDOT for cause, the cause being a "second suspension or revocation of an employee's driver's license while employed by [IDOT]...." Applegate, 335 Ill.App.3d at 1060. He appealed the termination pursuant to the procedures in the IDOT Personnel Policies Manual, but this appeal was denied at the local, intermediate, and state level within IDOT. Id. The Illinois intermediate appellate court held that Applegate had a right of judicial review, by common-law writ of certiorari, of IDOT's administrative decision to terminate him. Id. at 1061. The holding of Applegate suggests only that if IDOT had elected to fire Soltau for cause, he may have had a state law right to judicial review pursuant to the Applegate decision. Berry, 333 F.Supp.2d at 757. Nevertheless, the Applegate holding is not applicable to the present case, because Soltau was terminated without cause. Furthermore, Applegate does not address

whether the Manual's disciplinary procedures create a property interest. Id.

Soltau presents no other decisions finding or implying that the Manual creates such an interest. The Court therefore finds that the Manual upon which Soltau hinges his claimed property interest does not create a contract under the applicable laws of Illinois. As a result, Soltau fails to show that his termination from IDOT without cause was in violation of his Fourteenth Amendment right to due process, because there is no basis, either in state law or in contract, for a constitutionally protected property interest in his continued employment.

Defendants in the alternative contend that even if the Manual created an employment contract, the current version of the Manual would not clearly prohibit IDOT from terminating Soltau's employment without cause. The Manual provides that "Subject to prior review by the Office of Labor Relations an employee may be discharged for cause if prior disciplinary actions have failed to rectify the problem or if the employee's offense is serious enough in nature to warrant dismissal." Manual §17-1(D)(5) (emphasis added). Without more, this language is insufficient to overcome the presumption in Illinois law that employment relationships are terminable at will. The word "may" without additional words of limitation

such as "only", "exclusively", or "must" suggests that IDOT retains the option to fire employees for reasons other than cause. After the <u>Applegate</u> decision, IDOT removed such words of limitation from the Manual. The version of the Manual quoted in the <u>Applegate</u> decision stated that "[a]n employee may be discharged only for just cause." <u>Applegate</u>, 335 Ill.App.3d at 1058, <u>quoting Manual</u> at § 4-11(D)(1)(prior edition). The current Manual has no § 4-11(D)(1), and now states that, "an employee may be discharged for cause...." <u>Manual</u> § 17-2(D)(5); <u>Berry</u>, 333 F.Supp.2d at 757. The removal of the word "only" makes clear that IDOT retains the option to fire employees for reasons other than cause, and demonstrates that the Manual can be changed by IDOT at any time. This change demonstrates that the Manual does not constitute an employment contract. <u>Id</u>. Regardless, even if the Manual did create an employment contract, the terms of that contract would not prevent IDOT from terminating Soltau without cause.

## CONCLUSION

For the reasons set forth above, Defendants' Rule 12(c) Motion for Judgment on the Pleadings (d/e 14) is ALLOWED. The Clerk is directed to enter judgment in favor of Defendants on the Amended Complaint.

12

IT IS THEREFORE SO ORDERED.

ENTER: August 5, 2005.

FOR THE COURT:

                                   s/ Jeanne E. Scott
                                   JEANNE E. SCOTT
                                   UNITED STATES DISTRICT JUDGE